# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: §
§
CALAHANS TAVERNE & GRILLE INC, § Case No. 14-45451
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/22/2014 . The undersigned trustee was appointed on 12/22/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $   17,000.00

   Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 173.70 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 16,826.30 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 06/08/2015 and the deadline for filing governmental claims was 06/22/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,450.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 2,450.00 , for a total compensation of $ 2,450.00 $^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 95.20 , for total expenses of $ 95.20 $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/04/2016          By:/s/Phillip D. Levey
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$ If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 14-45451 | JSB | Judge: JANET S. BAER | Trustee Name: | Phillip D. Levey |
|---|---|---|---|---|---|
| Case Name: | CALAHANS TAVERNE & GRILLE INC, | | | Date Filed (f) or Converted (c): | 12/22/14 (f) |
| | | | | 341(a) Meeting Date: | 02/06/15 |
| For Period Ending: 01/04/16 | | | | Claims Bar Date: | 06/08/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Furniture, light fixtures, audio and video furniture, light fixtures, audio and video | 35,000.00 | 35,000.00 | | 7,000.00 | FA |
| 2. Claims Against 800 W. Belmont, Inc., et al. (u) | Unknown | 0.00 | | 10,000.00 | FA |
| TOTALS (Excluding Unknown Values) | $35,000.00 | $35,000.00 | | $17,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Preparation and filing of estate income tax returns.

Initial Projected Date of Final Report (TFR): 10/31/15    Current Projected Date of Final Report (TFR): 10/31/15

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 14-45451 -JSB | | Trustee Name: | Phillip D. Levey |
|---|---|---|---|---|
| Case Name: | CALAHANS TAVERNE & GRILLE INC, | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******5117 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******2098 | | | |
| For Period Ending: | 01/04/16 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 04/30/15 | 1, 2 | David L. Gassman<br>3210 N. Halsted - #2<br>Chicago, IL 60657 | SETTLEMENT | 1249-000 | 17,000.00 | | 17,000.00 |
| 06/05/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.27 | 16,974.73 |
| 07/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 24.42 | 16,950.31 |
| 08/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.20 | 16,925.11 |
| 09/08/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.16 | 16,899.95 |
| 10/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 24.32 | 16,875.63 |
| 11/06/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 25.09 | 16,850.54 |
| 12/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 24.24 | 16,826.30 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 17,000.00 | 173.70 | 16,826.30 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 17,000.00 | 173.70 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 17,000.00 | 173.70 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********5117 | 17,000.00 | 173.70 | 16,826.30 |
| | 17,000.00 | 173.70 | 16,826.30 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  17,000.00  173.70

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: January 04, 2016 |

Case Number: 14-45451  
Debtor Name: CALAHANS TAVERNE & GRILLE INC,  
Claim Number Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3410-00 | Popowcer Katten, Ltd.<br>35 East WAcker Drive<br>Suite 1550<br>Chicago, IL  60601 | Administrative | | $1,075.00 | $0.00 | $1,075.00 |
| 001<br>3110-00 | Phillip D. Levey | Administrative | | $6,885.00 | $0.00 | $6,885.00 |
| 000001<br>058<br>5800-00 | Illinois Department of Revenue<br>Bankruptcy Section Suite 7-400<br>PO BOX 64338<br>Chicago, IL. 60664-0338 | Priority | | $6,869.00 | $0.00 | $6,869.00 |
| | Case Totals: | | | $14,829.00 | $0.00 | $14,829.00 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-45451
Case Name: CALAHANS TAVERNE & GRILLE INC,
Trustee Name: Phillip D. Levey

Balance on hand $ 16,826.30

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ 2,450.00 | $ 0.00 | $ 2,450.00 |
| Trustee Expenses: Phillip D. Levey | $ 95.20 | $ 0.00 | $ 95.20 |
| Attorney for Trustee Fees: Phillip D. Levey | $ 6,885.00 | $ 0.00 | $ 6,885.00 |
| Accountant for Trustee Fees: Popowcer Katten, Ltd. | $ 1,075.00 | $ 0.00 | $ 1,075.00 |

Total to be paid for chapter 7 administrative expenses    $    10,505.20
Remaining Balance    $    6,321.10

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 6,869.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Illinois Department of Revenue | $ 6,869.00 | $ 0.00 | $ 6,321.10 |
| | Total to be paid to priority creditors | | | $ 6,321.10 |
| | Remaining Balance | | | $ 0.00 |

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

NONE

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE